UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| MICHAEL SPRINGMAN, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFF<br><br>v.<br><br>FUN TOWN ENTERPRISES, LLC AND WACO FUNTOWN, LP,<br><br>DEFENDANTS | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 6:21-cv-63 |

**PLAINTIFF'S ORIGINAL COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff Michael Springman brings this Fair Labor Standards Act ("FLSA") collective action suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. Plaintiff also brings this Rule 23 class action against the above named Defendants based upon quantum meruit pursuant to Texas common law for all unpaid, non-overtime hours. For cause of action, Plaintiff would respectfully show as follows:

**I. NATURE OF DEMAND**

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not

less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendants have violated the FLSA by failing to pay Plaintiff and all other piece-rate technicians in accordance with the guarantees and protections of the FLSA. Defendants have failed and refused to pay these technicians at time-and-one-half their regular rates of pay for all hours worked in excess of forty hours within a workweek.

3. Defendants have also violated Texas state law by receiving and accepting valuable services from Plaintiff and other technicians in the form of hours worked under forty in a week. Defendants' refusal to pay for such hours operated to deprive Plaintiff and other technicians of wages they were due for work performed under forty hours per week. This obligation to pay employees for valuable services rendered for work under forty hours in a week derives not from the FLSA, but from the common law of Texas.

## II. PARTIES

4. Plaintiff Michael Springman is an individual who resides in this judicial district. He was employed by Defendants within the meaning of the FLSA from early 2019 through December 2020 as a technician.

5. Defendant Fun Town Enterprises, LLC is a domestic limited liability company with its primary place of business in Cleburne, Texas.

6. Fun Town Enterprises, LLC was an employer of Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

7. Fun Town Enterprises, LLC can be served with process by serving its registered agent, Jarrod C. McGhee at 203 Complete Court, Cleburne, Texas 76033.

8. Defendant Waco Funtown LP domestic limited partnership with its primary place of business in

Cleburne, Texas.

9. Waco Funtown LP was an employer of Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

10. Waco Funtown LP can be served with process by serving its registered agent, Jarrod C. McGhee at 203 Complete Court, Cleburne, Texas 76033.

11. Both Fun Town Enterprises, LLC and Waco Funtown LP operated as joint employers of Plaintiff by sharing the ability to directly and immediately control or co-determine essential terms and conditions of employment such as hiring, firing, discipline, supervision and direction.

12. Both Fun Town Enterprises, LLC and Waco Funtown LP operated as joint employers of Plaintiff in that Defendants undertake related activities, have a unified business operation with common control, and share the common business.

### III.    JURISDICTION AND VENUE

13. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

14. The Court has personal jurisdiction over Defendants because they conduct business in Texas and have entered into relationships with Plaintiff in Texas and have committed actions in Texas that give rise to this cause of action.

15. Venue is proper in the Western District of Texas, Waco Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## IV. COVERAGE UNDER THE FLSA

16. At all relevant times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

17. At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18. At all times hereinafter mentioned, Defendants have each been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19. At all times hereinafter mentioned, Defendants have each been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants are each an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and has an annual gross volume of sales made or business done of not less than $500,000 each (exclusive of excise taxes at the retail level which are separately stated).

20. At all times hereinafter mentioned, Defendants employed individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. FACTUAL ALLEGATIONS

21. Defendants operate Recreational Vehicle ("RV") dealerships in and around Texas, and claim to be the number one RV dealer in the nation. Plaintiff Michael Springman was employed by Defendants as a technician at Defendants' Waco dealership.

22. As a technician, Springman was responsible for inspecting trailers shipped from the factory by checking such things as the propane, electrical and water lines to ensure they were functioning properly. Springman was also responsible for making repairs to the trailers and for servicing the trailers.

23. Springman was paid on a piece-rate basis for his work.

24. Defendants had a policy of not paying their piece-rate technicians overtime premiums for any hours worked over forty per week. Defendants also had a policy of not paying these same technicians any compensation at all for certain categories of work. For example, but not by way of limitation, if a technician performed warranty work on a trailer and the manufacturer determined it would not cover all hours expended by the technician, any excess hours not deemed to be covered were simply deducted from the technician's pay. If a technician had to repair a trailer because a technician at a different Fun Town location failed to properly repair that trailer, any time the second technician spent repairing the trailer would be uncompensated. Likewise, if a technician repaired a trailer but the repair was determined to be faulty, any time that technician spent correcting the faulty repair would not be compensated.

25. There was no mechanism for tracking the actual amount of hours Plaintiff or other piece-rate technicians worked each week.

26. Plaintiff routinely worked more than forty hours per week.

27. Defendants have employed and are employing other individuals as piece-rate technicians who were subjected to the same treatment as Plaintiff, in that they are not paid overtime premiums for any hours worked over forty per workweek. Additionally, these employees received no compensation at all for the performance of certain tasks.

28. Defendants have knowingly, willfully, or with reckless disregard carried out, and continue to carry out, their illegal pattern or practice of failing to pay overtime compensation to Plaintiff and all other similarly situated technicians.

## VI. COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff seeks conditional certification pursuant to 29 U.S.C. § 216(b) of the following class (the "FLSA Class Members"):

> **All current and former piece-rate technicians who were employed by Defendants for the past three years who were not paid at the rate of at least one-and-one-half of their regular rates of pay for all hours worked in excess of forty (40) hours in a workweek.**

30. Plaintiffs were subjected to the same pay provisions in that they were all paid a piece-rate, but they were not compensated at the rate of at least one and one-half their regular rates of pay for all hours worked in excess of 40 in a workweek. Thus, the Class Members are owed unpaid overtime for the same reasons as Plaintiff, without regard to their individualized circumstances or their job duties.

31. Defendants' failure to compensate employees for hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of failing to pay overtime compensation to the FLSA Class Members in the manner described herein above. This policy or practice is and has been, at all relevant times, applicable to the Plaintiff and all FLSA Class Members. Application of this policy or practice does not depend on the personal circumstances of the Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Plaintiff also applied to all FLSA Class Members.

## VII. STATE LAW RULE 23 CLASS ALLEGATIONS

32. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff, individually and on behalf of all other similarly situated employees, pursues state-law claims for *quantum meruit* against Defendants.

33. Plaintiff seeks certification of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "Rule 23 Class Members") as follows:

    **All current and former technicians who worked as piece-rate employees for Defendants for the past four (4) years who were not compensated for hours worked less than forty (40) in a workweek at their regular rate of pay.**

34. Plaintiff, individually and on behalf of all other similarly situated employees, seeks relief on a class basis challenging Defendants' practice of knowingly failing to pay Plaintiff and other similarly situated employees their agreed rate of pay or the reasonable value of the services they rendered for hours worked under forty in a week.

35. Throughout the relevant period, Defendants knowingly allowed Plaintiff and Rule 23 Class Members to perform uncompensated work during weeks in which the Rule 23 Class Members worked under forty hours in a week.

36. Therefore, throughout the relevant period, Defendants knew that Plaintiff and Rule 23 Class Members were not being properly compensated for all hours worked.

37. During the relevant period, Defendants failed to pay Plaintiff and Rule 23 Class Members for the valuable services provided during the weeks that they worked under forty hours.

38. Defendants maintained common work, time, and pay policies and procedures throughout their various locations. As a result, Plaintiff and Rule 23 Class Members are similarly situated regardless of their location and have been regularly deprived of pay for workweeks during which they worked under forty hours.

39. Plaintiff's state-law claims against Defendants for *quantum meruit* satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements for the certification of a class action under Federal Rule of Civil Procedure 23.

40. **Numerosity.** The class satisfies the numerosity standard as it is believed that there are between fifty or more Rule 23 Class Members. Consequently, joinder of all Rule 23 Class Members in a single action is impracticable. The data required to calculate the size of the class is within the sole control of Defendants.

41. **Commonality.** There are questions of law and fact common to the class that predominate over any questions affecting individual members. The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

    a) Whether Defendants had a policy and practice of refusing to pay employees for certain categories of work;

    b) Whether Defendants knew or should have known that Plaintiff and Rule 23 Class Members were not compensated for work performed under forty hours per week;

    c) Whether valuable services were rendered to Defendants by Plaintiff and Rule 23 Class Members when they worked under forty (40) hours per week, and whether Defendants accepted the benefit of Plaintiff and Rule 23 Class Members' unpaid services;

    d) The proper measure of damages, including whether the reasonable value of such services can be based on an agreed hourly rate of pay.

42. **Typicality**. Plaintiff's claims are typical of those of the class because Plaintiff's claims arise from the same course of conduct and legal theories as the claims of the prospective Rule 23 Class Members. Like the Rule 23 Class Members, Plaintiff worked as a piece-rate employee for Defendants within the class definition during the relevant time period. Like the Rule 23 Class

Members, Plaintiff was subject to the identical company-wide policy of not being paid for certain categories of work. Like the Rule 23 Class Members, Plaintiff worked under forty hours per week during some weeks of his employment but was not paid for all such time worked. The other facts outlined above likewise apply equally to both Plaintiff and the Rule 23 Class Members.

43. **Adequacy**. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the Rule 23 Class Members he seeks to represent. The interests of the members of the class will be fairly and adequately protected by Plaintiff and the undersigned counsel.

44. **Superiority.** A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any member of the class could afford to pursue individual litigation against companies the size of Defendants, doing so would unduly burden the court system. Individual litigation of potentially several hundred claims would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the class would create risk of inconsistent and varying judicial results and establish incompatible standards of conduct for Defendants. A single class action can determine the rights of all Rule 23 Class Members in conformity with the interest of efficiency and judicial economy.

### VIII. CAUSE OF ACTION ONE:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

45. Plaintiff incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

46. During the relevant period, Defendants have violated and are violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for their work in excess

of forty hours per week at rates no less than one-and-one-half times their regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiff in accordance with applicable law.

## IX. CAUSE OF ACTION TWO: *QUANTUM MERUIT*

47. Plaintiff incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

48. Plaintiff and Rule 23 Class Members performed valuable services for Defendants when they worked under forty hours per week.

49. These services had a reasonable value of no less than the agreed hourly rate.

50. Defendants accepted and retained the benefit of Plaintiff's and Rule 23 Class Members' performance of these valuable services.

51. Defendants had reasonable notice and/or knowledge that Plaintiff and Rule 23 Class Members expected to be compensated for services rendered for the Defendants.

52. Defendants failed to pay Plaintiff and Rule 23 Class Members the reasonable value of the services performed for workweeks in which they worked under forty hours.

53. Plaintiff and Rule 23 Class Members are entitled to recover damages under this claim for the last four years.

54. Plaintiff and Rule 23 Class Members are entitled to attorney's fees and cost under this claim pursuant to Texas Civil Practice and Remedies Code, §38.001, *et seq.*

## X. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, Plaintiff prays for an expedited order certifying a class and directing notice to putative class members pursuant to 29 U.S.C. § 216(b), an order certifying a class pursuant to Rule 23 of the Federal Rules of Civil Procedure, and individually,

and on behalf of any and all such class members, on trial of this cause, judgment against Defendants, jointly and severally, as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

    b.    For an Order awarding Plaintiffs the full measure of their *quantum meruit* damages under Texas law;

    c.    For an Order awarding Plaintiff (and those who may join in the suit) the taxable costs and allowable expenses of this action;

    d.    For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

    e.    For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

    f.    For an Order awarding Plaintiff declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. and the Texas common law; and

    g.    For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

        Respectfully Submitted,

        **MORELAND VERRETT, P.C.**
        700 West Summit Dr.
        Wimberley, Texas 78676
        Tel: (512) 782-0567
        Fax: (512) 782-0605

        By:  */s/ Douglas B. Welmaker*
             Douglas B. Welmaker
             Texas State Bar No. 00788641
             doug@morelandlaw.com


        **ATTORNEY FOR PLAINTIFF**